ELDRED RAWLINS, use, &c. *v.* POINDEXTER AND KEESE, Administrators.

It is not necessary that a claim should be first probated, recorded, and certified by the probate judge, as examined and allowed, before suit can be maintained on the claim against the executor or administrator of the deceased.

It has been settled by the court, under the act of 1822, (Hutch. Code, 664, § 90,) that no such probate is necessary before the institution of a suit. 3 How. 216; Ib. 303; 4 Ib. 242.

The act of 1846, (Hutch. Code, 681, § 5,) makes no alteration in the law in this respect.

THE opinion contains the facts of the case upon which it was decided.

Mr. Justice HANDY delivered the opinion of the court.

The question presented in this case is, whether before suit can be brought and maintained on a claim against an executor or administrator due from the estate of the deceased, the claim must be first probated and recorded and certified, by the judge of probates, as examined and allowed.

It is settled by this court, that, under the act of 1822, Hutch. Code, 664, § 90, no such probate was necessary before the institution of the suit. 3 How. 216; Ib. 303; 4 Ib. 242.

We think the act of 1846, Hutch. Code, 681, § 5, makes no alteration in the law in this respect. That act provides, that " to authorize the collection of any claim, and the payment thereof by the executor or administrator, the same shall first be probated by the court," &c. This statute clearly has reference to the right of the creditor to demand payment of his claim, and to receive payment from the executor or administrator, otherwise than by legal process. The probate was intended

merely to justify administrators and executors in making private payment of claims; for otherwise, if the probate was to be an establishment of the claim to all intents and purposes, it would dispense with any further proof of the claim, in case it should become necessary to bring suit upon it. It is not to be supposed that the legislature intended to give greater effect to the *ex parte* allowance of the probate judge, made upon the claimant's affidavit, or the testimony of witnesses, without an opportunity to the adverse party to have the matter properly examined, than should be given to the judgment of a competent court, rendered upon full notice and investigation, and under all the sanctions of such proceedings. If the allowance of the probate judge was not intended, in case of suit brought, to dispense with the proof necessary to establish the claim according to the rules of law, it is scarcely to be supposed that the legislature intended to require the useless expense of probating the claim before suit brought, — a charge rendered wholly unnecessary by the full proof of the claim required before judgment could be rendered.

The judgment of the court below, being contrary to this view, is reversed, and the case remanded.