MARY BROWN AND DAVID McWILLIAMS, Administrators, *v.* RUTH HILL.

Where A. and B. took out letters of administration in vacation of the probate court upon the estate of C., deceased, on the 28th of October, 1844, and D. presented a claim to the administrators on the 16th of May, 1845, but the claim was not examined and allowed by the probate court until the 29th of April, 1846; but on the 7th of August, 1848, the administrators moved the probate court to revoke the letters of administration which had been granted to them in vacation, which was done, and letters granted to them on said estate at that term of the court, and suit was commenced by D. on the 13th of February, 1851, upon his claim: — *Held*, that A. and B. are estopped

.from denying the validity of the grant of the letters of administration which they urged the court to make, and which was made upon the facts they presented to the court.

The statute of limitations, in such a case, commences to run from the date of the last grant of letters of administration.

Notice of a claim against an estate is equivalent to an actual presentment to the executor or administrator.

IN error from the circuit court of Kemper county; Hon. John Watts, Judge.

Ruth Hill sued Mary Brown, administratrix, and David McWilliams, administrator of the estate of Jacob K. Brown, deceased, in the circuit court of Kemper county, upon a writing obligatory made by the deceased, payable eighteen months after date, and dated 2d October, 1839, payable in current bank-notes.

On the 28th day of October, 1844, the judge of probate granted letters of administration to the defendants, in vacation; on the 16th of April, 1845, the claim was presented to one of the defendants; on the 29th of April, 1845, the judge of probate ordered it to be paid. On the 7th of August, 1848, the court revoked the letters of administration granted to the defendants on the 28th of October, 1844, and granted letters of administration to the defendants, who made advertisement thereof according to law. Just before the commencement of this suit, the plaintiff in the court below, with a witness to prove it, appeared before the judge of probate in vacation, and requested him to probate the claim, — which he refused to do.

The defences relied on are, 1st. That the statute of limitations of four years had perfected a bar; 2d. If not, that the claim was not presented to the defendants, within the time limited by law; and, 3d. That it was not probated, recorded, and certified, according to law.

*Welsh & Ham*, for plaintiffs in error, contended,

1st. That the statute of limitations of four years had perfected a bar.

2d. If not, that the claim was not presented to the defendants, within the time limited by law.

3d. That it was not probated, recorded, and certified, according to law.

1st. That the statute of limitations of four years had perfected a bar.

If the first grant of administration had become valid, by the lapse of time and the acquiescence of all parties interested, this suit could not be brought, more than four years having expired from the qualification of the defendants, as administratrix and administrator. Hutch. Code, 831, sect. 12. The first grant of administration had become valid, by the lapse of time and the acquiescence of all parties interested. *Sanders* v. *Sanders*, 14 S. & M. 81. And the order revoking it and making another, was void. Ib. And may be shown to be so even when it comes collaterally in question. *McComb* v. *Ellett*, 8 S. & M. 519.

2d. If not, that the claim was not presented to the defendants, within the time limited by law.

The statute of 1846, (Hutch. Code, 681, sect. 5,) enacts that "hereafter, all claims against the estate of a deceased person shall be presented to the executor or administrator thereof, within two years after advertisement made of the grant of letters testamentary or of administration, or they shall be barred." The second grant of administration having been made after the enactment of this statute, if this claim was not presented to the defendants, within two years after advertisement made of this grant, it was barred.

It is clear from the words of the statute, that there can be no presentation of a claim, until letters testamentary or of administration have been granted. To hold that there could be, would be preposterous. In the cases in which it has been decided by this court, that knowledge or notice of a claim, by an executor or administrator, is equivalent to presentation, the facts from which such knowledge or notice was inferred, occurred after letters testamentary or of administration had been granted. A presumption of such knowledge or notice, by an executor or administrator, cannot be inferred from facts which occurred before he became executor or administrator. Pre-

sentation of a claim to one when he is not executor or administrator, will not authorize the presumption of knowledge or notice of it by him, when he afterwards becomes executor or administrator.

The person to whom this claim was presented before the second grant of administration, had no power to do any act or make any admission, to charge or conclude the estate. " A party can do nothing as administrator till letters of administration are issued." Tol. on Ex. 95; Ib. 128.

3d. That the claim was not probated, recorded, and certified, according to law.

The statute of 1846, (Hutch. Code, 681, sect. 5,) enacts, that " to authorize the collection of any claim and the payment thereof, by the executor or administrator, the same shall first be probated by the court in which the estate·is administered ; shall be recorded therein, and shall be certified by the judge thereof, under his hand, as 'examined and allowed.' " The second grant of administration having been made after the enactment of this statute, this claim should have been thus probated, recorded, and certified, to authorize the collection or payment of it.

The word " collection," is a very comprehensive one, and includes the coercion of payment by suit. The power to probate a claim, appertains to the court, not to the judge. The requirements, that a claim shall be recorded and certified, are so explicit as to render unnecessary any comment. It is clear from the words of the statute — " by the court in which the estate is administered " — that a claim cannot be probated, recorded, and certified, until letters testamentary or of administration have been granted. The power to probate a claim, to have it recorded, and to certify it, is incident to the power to grant letters testamentary or of administration.

To authorize the collection or payment of this claim, it should first have been legally probated, recorded, and certified ; and it not having been thus probated, recorded, and certified, this suit could not be brought. The order of the judge, that the claim be paid, made in vacation, and before the second grant of administration, did not authorize the collection or payment of it.

The refusal of the judge to probate it, was proper, — the statute of 1846 authorizes the court, not the judge in vacation, to probate this claim; and the judge having no power to probate this claim when 'the plaintiff requested him to do it, very properly refused.

*T. J. & F. A. R. Wharton,* for appellees.

The presentment to the administrators was a good and sufficient presentment, whether the order appointing the administrators in vacation were voidable or not, and made in time, being about six months after the said grant of letters. That the probate court subsequently set aside said order on the application of said administrators, and granted them letters at a regular term of the court, cannot certainly be gravely insisted on as a valid objection to the presentment. The administrators were acting under color of legal authority, and whilst thus acting, the notes were presented. The same persons were appointed administrators at the regular term. They were directly affected with notice of the existence of the claims by the presentment which had been made, and all the purposes of the law fully met in requiring presentment. Nor could the fact that the judge of probate subsequently refused to probate the claims after the second grant of letters, vitiate the action already taken, and the presentment already made. We think it clear that the first presentment was legal and sufficient, and was not affected by the revocation of the letters first granted. It was a work of supererogation to present the notes the second time for probate; the first probate was all sufficient.

Again, the last section, the eighteenth of the act of 1844, Hutch. 832, prescribes the period of limitations of said act, to commence from the passage of said act, namely, 24th February, 1844.

Second point insisted upon for reversal is, that if the first point just considered, to wit, that the statute of limitations of four years "had not perfected a bar," then, that the claims were not presented to the administrators within the time limited by law.

Assuming that what has been said on the first point in rela-

tion to the presentment being made to those who were acting as administrators under color of legal appointment, is sufficient, we have this further to say, Will the idea be tolerated that parties shall voluntarily, and upon their own application, obtain letters of administration, continue for a period of nearly four years to act in that character. under those letters, during all which time presentments of claims are being made to them, they acting in that character, discharging all its duties, incurring all its liabilities, then come forward themselves, impeach the validity of their appointment, procure a revocation of it and obtain letters anew, then turn about and say, we were not, in the first instance, legally appointed, all our acts are void under that appointment; taking care to act under it, however, until the period arrives when they suppose they can interpose the objection urged here, and then say to the honest creditor, the first grant of letters was not legal, when you wish to prove presentment, but is very good when we wish to insist upon the four years statute.

3d. The last point insisted upon for reversal is, that the claims were not probated, recorded, and certified according to law. The act of 1846, Hutch. Code, 681, § 5, is cited to sustain this point. It is enough to say on this point, that the probating was made prior to the passage of that act, and under the law as it previously existed. Code, 664, § 90, and 671, § 115, 116. If the claims were properly probated at that time, they were not to be affected by any law upon that subject subsequently passed. That they were properly and legally probated under the law in force at the time, we think will be obvious from an examination of the statutes cited above. But we deny that this ground is any defence against the actions on the notes. The right of a party to sue on a note executed by a deceased person, does not depend upon having that note probated.

The case must be governed by the statute of limitations in force at the time the publication of the grant of letters of administration was made. 23 Miss. R. 298.

Any legal evidence that would establish the fact of the knowledge of an executor or administrator, (before the limited

period has expired,) to the satisfaction of a jury, that a claim exists against his testator or intestate, will be a sufficient presentation under the statute to such executor or administrator. 2 S. & M. 403. Notice by mail of the dishonor of a note made by a deceased person, which fell due after his death, if received by his administrator, written in the proper time, is a sufficient presentation of the note to the administrator to prevent the statute of limitations from barring it. 8 S. & M. 552.

To make the presentation of a claim against a deceased person, to his executor or administrator, good within the eighteen months prescribed by the statute, it is not necessary that there should have been previously a probate or an allowance by the probate court. This section of the statutes is only intended for the reciprocal benefit and protection of the executor or administrator, and distributees or devisees, or others entitled to the estate, and it in no manner whatever affects the validity of the claim in the hands of the holder, or his right of action thereupon. 1 How. R. 115.

The law was only designed to protect the administrator against the consequences of wrongful payments which he may choose to make voluntarily; for if he discharge without the voucher required by law, he does it at his own risk. The creditor's right to sue for the recovery of his claim, is not in any way affected by the statute. 3 How. 301.

The authentication of a claim is not a prerequisite to presentment, in order to prevent the statute attaching as a bar. 4 How. 142. *Miller* v. *Trustees of Jefferson College,* 5 S. & M. 651.

The administrator must show affirmatively that publication of the grant of letters was commenced within two months after such grant was made. 7 S. & M. 356.

The twelfth section of the act of limitations of the 24th February, 1844, limiting actions against an administrator to four years from his qualification as such, is prospective, and applies only to an administrator appointed after the passage of the act. 13 S. & M. 395.

It will be observed by the court, that only the four years statute is insisted on by the plaintiffs in error, the six years statute is not set up.

Mr. Justice FISHER delivered the opinion of the court.

The plaintiffs in error were sued in the court below, as administratrix and administrator of the estate of Jacob K. Brown, deceased, upon a writing obligatory made by the intestate, on the 2d of October, 1839, and payable eighteen months after date. Judgment was rendered upon an agreed state of facts for the plaintiffs below, from which the defendants prosecuted a writ of error to this court.

The facts as agreed are as follows : That letters of administration were granted by the judge of the probate court of Kemper county, to the plaintiffs in error, in vacation, on the 28th of October, 1844, on the estate of Jacob K. Brown, deceased ; that publication of the grant of said letters was duly and legally made ; that the writing constituting the foundation of the suit, was presented on the 16th of May, 1842, to McWilliams ; that it was presented to the judge of the probate court on the 29th of April, 1846, who examined and allowed the same in vacation ; that on the 7th of August, 1848, the plaintiffs in error moved the court to revoke the letters of administration granted to them in vacation, and to grant them letters in term time, which motion was sustained, and the letters accordingly granted. The suit was commenced on the 13th of February, 1851. No presentment of the claim appears to have been made to the administrators after the last grant of letters of administration.

Upon this state of facts, the counsel for the plaintiffs in error have assigned the following errors, to wit : —

" 1. That the statute of limitations of four years, had perfected a bar.

" 2. If not, the claim was not presented to the defendant within the time limited by law.

" 3. That it was not probated and recorded according to law."

It is argued that the letters of administration granted to the plaintiffs in error, by the probate judge, in vacation, in October, 1844, were valid, all parties concerned having acquiesced in the grant, and that, therefore, the statute of 1844 constitutes a bar to the action. Hutch. Code, 831, § 12.

In reply to this argument, it is only necessary to state that the administrators themselves moved the court to declare their

letters void, and to grant them letters in term time; all which the court appears to have done at their instance. It is, therefore, not required of us to state, on the present occasion, what weight we should give to this argument, if made on behalf of persons differently situated. The parties are estopped to deny the validity of the grant which they urged the court to make, and which was made upon a state of facts which they themselves brought to the knowledge of the court. The statute of limitations, beginning to run only from the date of this last grant, forms no bar to the action. 2. It is argued, that, as the grant of letters in vacation was void, and as the claim was only presented to McWilliams, while acting under this void grant, and not after the regular grant of letters, the claim is barred by the statute requiring all claims against estates to be presented within two years from publication, for that purpose.

Notice of a claim against an estate is equivalent to an actual presentment. The regular grant of letters of administration could in no manner affect or impair the memory of the administrator touching transactions while acting under the void letters. 3. The third ground of error has been repeatedly decided by this court during the last two years. It is no defence to the suit.

Judgment affirmed.