## THE BRANCH BANK OF ALABAMA AT MOBILE v. JAMES W. RHEW, Admr. of GEORGE W. RICE.

1. EXECUTOR AND ADMINISTRATOR: PROBATE OF CLAIM AGAINST A DECEDENT NOT NECESSARY FOR PRESENTATION, OR SUIT.—It is not necessary that a claim against a decedent should be probated, in order to make a valid presentation of it within the two years allowed by law; or to enable the holder to maintain an action at law on it against the administrator. See 1 How. 115; 3 Ib. 216; Ib. 303; 4 Ib. 242; *Rawlings* v. *Poindexter*, 26 Miss. 654.

2. SAME; PRESENTATION OF CLAIM: KNOWLEDGE OF EXECUTOR SUFFICIENT.—The knowledge, on the part of an administrator or executor, of the existence of a debt against the testator or intestate, is as effectual as a presentation of it to prevent the bar of the statute; and hence, in a plea setting up that statute, the administrator or executor ought to deny any knowledge of the debt within the time prescribed by law for its presentation to him. See *Miller* v. *Jefferson College*, 5 S. & M. 651.

The Branch Bank of Alabama *v.* Rhew, Admr.

3. PLEADING AND PRACTICE: PLEA IN BAR ADMITS CHARACTER IN WHICH PLAINTIFF SUES.—By pleading to the merits in bar of the action, and without calling in question the character in which the plaintiff sues, the defendant waives all objection to the plaintiff's right or capacity to sue in the character which he assumes. See *Lanice* v. *Trigg*, 6 S. & M. 641; *Hemphill* v. *The Bank of Alabama, Ib.* 44.

4. BRANCH BANK OF ALABAMA: CAPACITY OF TO SUE.—The Branch Bank of the State of Alabama at Mobile, is a corporation, at least so far as to be capable of suing and being sued as such. See Aiken's Dig. pp. 75, 76, §§ 7, 12.

ERROR to the Circuit Court of Tallahatchie county. Hon. F. M. Rogers, judge.

In addition to the facts set out in the opinion of the court, it is only necessary to state more fully the second plea filed by the defendant, under leave granted.

This plea, after setting out by proper and sufficient averments, the grant of letters to Jane M. Rice, the first administratrix, and the due and legal publication of notice to creditors, proceeds as follows: "And the defendant avers that the claim sued on by plaintiff was not presented for payment duly probated, either to Jane M. Rice, or any one else representing the estate of defendant's said intestate, within two years after said notice had been so published for six successive weeks, as aforesaid; wherefore defendant says said claim of plaintiff is barred by the Statute of Limitations of two years, in such case made and provided."

*D. C. Glenn,* for plaintiff in error.

*J. Z. George,* on same side,
Cited *Rawlings* v. *Poindexter*, 26 Miss. 654; Ib. 236; 2 S. & M. 452; Aiken's Dig. 75, 579; *Vicksburg Waterworks and Banking Co.* v. *Washington*, 1 S. & M. 536; *Reed* v. *Benton and Manchester R. R. and Banking Co.* 4 How. 262.

*D. Mayes,* for defendant in error,
Cited 4 Cushm. 232.

SMITH, C. J., delivered the opinion of the court.
This suit was brought by the plaintiff in error, on a valid note,

against the defendant in error, as the administrator *de bonis non* of George W. Rice, deceased.

The defendant answered, relying upon a decree of insolvency made, in relation to the estate, by the Court of Probates of Talla-hatchie county, at the instance of the administrators in chief; the neglect of the plaintiff to present the claim, now in suit, to the commissioner, and the consequent failure of the commissioner to embrace the same in his report of the claims allowed against the estate, and the due return of the report, and the confirmation of the same by the court.

The plaintiff's replication, to this answer, admitted the alleged facts ; but averred, that the said declaration or decre of insolvency, was procured by fraud, and setting out the facts upon which the averment of fraud was based.

The defendant demurred to the replication. The demurrer was overruled, and leave given to the defendant to plead. Two pleas were then filed by the defendant. The first alleged that the plain-tiff was not entitled to recover, for the reason that the claim sued on was "not, at any time, before the institution of this suit ; and never had been probated, so as to authorize its payment, by any representative of the decedent, or by defendant as administrator *de bonis non* of said estate ; or so as to authorize its collection by the plaintiff." The second alleged the non-presentation of the claim sued on within two years next after the grant of letters of administration on the decedent's estate, and due publication of notice thereof. The plaintiff demurred to each of these pleas, which was overruled as to the first, and sustained as to the second ; with leave to plaintiff and defendant to plead over.

The plaintiff then filed a replication to defendant's first plea, which was held bad on demurrer, and the court having refused to allow the plaintiff to amend his replication, and the defendant de-clining to plead over, judgment final was entered against the plain-tiff. Hence, this writ of error is prosecuted.

To make the presentation of a claim to the executor or admi-nistrator of a decedent's estate good, within the time prescribed by the statute, it is not necessary that there should have been pre-viously a probate of the claim, or an allowance by the Court of Probates. The object of the statute, in requiring the probate of

claims against a deceased person's estate, or an allowance of them by the Court of Probates, is the reciprocal benefit and protection of the executor or administrator and those entitled to the succession. It was not designed in any wise to affect the validity of the claim in the hands of the holder, or his right of action thereupon. And this is the settled construction of the statute. 1 How. Miss. Rep. 115; 3 Ib. 216, 303; 4 Ib. 242; *Rawlings, use, &c.* v. *Poindexter & Kees,* 26 Miss. Rep. 654.

It is manifest, therefore, that the court erred in overruling the demurrer to the defendant's first plea or answer filed under the leave to plead over, as the matter of defence, thereby set up, was simply that plaintiff's claim had never been probated or allowed by the Court of Probates, within two years next after the grant of letters of administration, and due publication of notice thereof by the administrator.

It is clear that, under the settled doctrine of this court, the decision sustaining the demurrer to defendant's second plea, filed under leave, was correct. *Miller* v. *Jeff. College,* 5 S. & M. 651.

But it is insisted, by the defendant in error, that, conceding the invalidity of the defendant's said plea, the demurrer should, nevertheless, have been applied to, and sustained as a demurrer to the complaint, which, it is contended, is fatally defective.

It is conceded that, where a demurrer is interposed by either party, it extends back and attaches to the first fatal defect in the pleadings; and hence that judgment will be given against the party guilty of the first fault.

Here it is assumed that the complaint is insufficient to entitle the plaintiff to a judgment. 1. Because it is averred that the defendant executed the note upon which the suit was brought, and yet demands judgment *de bonis testatoris;* or, in other words, the defendant is sued in his representative character on a note alleged to have been executed by him in his individual capacity. And 2. Because it is judicially known to this court that the plaintiff is not a corporation, and hence not entitled to maintain any action.

1. The pleadings in this case were framed under the Act of the 9th of March, 1850, which abrogated many of the rules of special pleading. The instrument on which the suit was founded was filed with the complaint; was referred to, and expressly made

a part of it. The instrument thus being made a part of the complaint, explains the contradiction or absurdity which would otherwise exist, and which doubtless arose from the accidental omission of a single word,—the pronoun "*who*,"—immediately after the name of the defendant's intestate. If the omission, which probably occurred in making out the transcript, were at all material, the defect is supplied. by the instrument, made part of the complaint, which shows that it was executed by the defendant's intestate, and not, as alleged, by the defendant himself.

2. The second position is, also, untenable. By pleading to the merits of the action, without calling in question the character in which the party brought the suit, the objection, if any, was waived. *Lanice et al.* v. *Trigg*, 6 S. & M. 641; *Hemphill* v. *Bank of Alabama*, Ib. 44.

But if this were not the result of pleading to the merits in bar of the action, this court is bound judicially to know that the Branch Bank of the State of Alabama at Mobile was a corporation, at least so far as to be capable of suing and being sued as such. Aikin's Dig. 75, 76, §§ 7, 12.

Judgment reversed, and cause remanded.