Perry *v.* Administrators of J. R. West.

---

MARIAH L. PERRY, Executrix, *v.* Administrators of J. R. WEST.

[40   233
81   673]

1. CLAIMS AGAINST ESTATES OF DECEDENTS; KNOWLEDGE OF, BY EXECUTOR OR ADMINISTRATOR, SUFFICIENT TO PREVENT BAR OF STATUTE OF "NON-CLAIM."—The object of the statute which requires claims against the estates of decendents to be registered within two years after the first publication of "notice to creditors," was to enable the executor or administrator to ascertain the condition of the estate. The reason of the law is answered by knowledge of the existence of a claim by the executor or administrator, and this knowledge is sufficient to prevent the bar of the statute, which requires the claim to be registered within two years. Rev. Code, 444, article 83; 2 S. & M. 403; 3 S. & M. 473; 5 S. & M. 651 · 8 S. & M. 552; 27 Miss. 44; 37 Miss. 110.

ERROR to the Circuit Court of Holmes county. Hon. E. G. Henry, judge.

*J. M. Dyer,* for plaintiff in error, cited the following authorities: 3 How. 216, 300 ; 4 How. 242; 1 How. 115 ; 27 Miss. 61 ; 28 Miss. 152 ; 37 Miss. 110.

*Wilkinson* and *Bowman,* for defendants in error, contended,

That the statute was conclusive of the question ; its language can admit of but one construction: " That unless the claim is registered within the two years, no suit at law or equity shall be sustained thereon." Rev. Code, 444, article 83.

ELLETT, J., delivered the opinion of the court.

The plaintiff in error declared on an open account. The defendants pleaded that the claim sued on was not registered within two years after publication of notice to creditors. The plaintiff replied that the defendants had notice of the existence of the said claim within two years after said publication. The defendants demurred to this replication, and the court sustained the demurrer, and gave judgment for the defendants. The propriety of this decision is the question for our consideration.

The statute under which the question arises, is as follows : " All claims against the estate of a deceased person, whether due or not, shall be registered in the court in which the letters testamentary or of administration were granted, within two years after the first publication of notice to creditors to present their claims, as required by the ninth section of this act, or the claim shall be barred, and no suit or action shall be sustained thereon, either at law or in equity." Rev. Code, 444, article 83. And the question is whether actual notice to the administrator of an unregistered claim, will take the case out of the operation of the statute.

It seems clear that effect cannot be given to the article quoted according to the full and literal import of its terms ; for if a suit should be brought before the expiration of the two years allowed for the registration of claims, it could not be pretended that such suit could afterwards be barred by reason of a failure to register the claim within the time limited, but the suit would proceed to trial and judgment as in other cases. So,

if suit should be brought and judgment recovered against the administrator within the two years, the want of subsequent registration could hardly be interposed as an objection to the regularity of an execution issued upon such judgment.

Again, the statute does not create a limitation operating in all cases in favor of estates of decedents, from a definite time fixed by the law, or ascertained by reference to the records of the Probate Court. On the contrary, the limitation does not begin to run except upon the previous performance of a duty enjoined upon the administrator, the discharge of which is a matter *in pais*, and of which the records of the court do not necessarily furnish any information. It runs only from the first publication of a notice, which the administrator is required to publish in some newspaper, within two months after the grant of his letters. Rev. Code, 443, article 81. The object of this latter requirement, as declared expressly on the face of the act, is, that the true condition of the estate may be speedily known, so that the administrator may proceed to pay the debts as speedily as may be, out of the assets which may come to his hands, if the estate be solvent. The notice to be thus given, requires the creditors to have their claims registered within the time prescribed by law, or they will be barred. Article 11 of the same act provides for the keeping of the book, and directs the manner of registering claims; and article 83 limits the time within which such claims must be registered. It is thus seen that the object of all these proceedings is to furnish the administrator with early information of the true condition of the estate, and to enable him to proceed promptly and speedily in its settlement. The registration comes in place of the presentation to the administrator required under former laws, and greatly simplifies and facilitates the proceedings. The office of the clerk of the court is now made the place where, at the same time they probate their claims, the creditors present them to the administrator, by causing them to be entered upon the register, and where the administrator can at any moment ascertain the number, character, and amount of the debts exhibited against the estate.

These provisions are the result of a revision of the former laws on the same subject ; and a reference to the old statutes in contrast with the new, will not only show the wisdom of the latter, but, in connection with the judicial interpretation put upon the former, will greatly aid in conducting us to a proper conclusion in relation to the matter under consideration.

The act of 1821, Hutch. Code, 671, section 115, contained the following provision : " All claims against the estates of deceased persons shall be presented to the executor, administrator, or collector, within eighteen months after the publication of notice for that purpose by such executor, administrator or collector, and not after ; and all claims not presented within the time aforesaid, shall be forever barred, and the estate of the testator or intestate shall be thereafter discharged from the payment of such claim or claims, and the executor, administrator or collector may give this act in evidence, without pleading the same specially in bar of any suit or action, either in law or equity, brought to recover the amount of any claim or claims of which notice had not been given by the creditor or creditors, according to the foregoing provisions." Three years were allowed to non-resident creditors to present their claims ; and by an act passed in 1846 (Hutch. Code, 681), both these periods of limitation were repealed, and two years adopted in both cases. The latter act also contained the provision that "to authorize the collection of any claim, and the payment thereof by the executor or administrator, the same shall first be probated by the court in which the estate is administered, shall be recorded therein, and shall be certified by the judge thereof, under his hand as examined and allowed."

It appears that with the exception of the substitution of registration for presentation, the present law contains in substance the same provisions that were in force before the Revised Code was adopted. Presentation was then required for the same reason that registration is now made necessary, and the same consequences resulted from a failure to make presentation in the proper time and manner, that now follow an omission to register the claim in the mode provided.

The question of the sufficiency of the presentment of claims under the old law, so as to avoid the limitation, has been frequently considered by this court, and it has been uniformly held that it was only necessary to show by legal evidence that the administrator had knowledge of the existence of the claim, no matter from what source that knowledge was derived. In the case of *Helm* v. *Smith*, 2 S. & M. 403, the court held that the object of the presentation was nothing more than to inform the administrator of the claims against the estate, and that it was therefore legitimate to show a notice of such claim to the administrator by any legal evidence that would establish the fact of his knowledge of its existence to the satisfaction of a jury, because the design of the statute would be thereby accomplished; and that a notice of the protest of a promissory note, made out by a notary public in the usual form, and deposited by him in the post-office, addressed to the indorser at his usual place of residence, the indorser himself having died before the maturity of the note, was a good presentment of the note to the executor of the indorser, the executor being in the habit of receiving his own letters at the same post-office. Proceeding expressly upon the same ground that the object of presentation was to let the administrator know the condition of the estate, it was held in the case of *Miller* v. *Helm*, in the same volume, page 687, that no presentation was necessary in cases where the tacit lien existed, given by statute to secure the purchase-money of property sold by executors and administrators, such liens being considered of record, and therefore always in a state of presentation. In *Gordon* v. *Gibbs*, 3 S. & M. 473, it was decided that an administration bond, on which the deceased was a surety, was always in a state of presentation, being matter of record, and notice to every one; and that no presentation to the administrator of such surety was necessary to be made of a claim arising upon the said bond, in consequence of a breach of the condition by the principal. In *Miller* v. *Trustees of Jefferson College*, 5 S. & M. 651, it was ruled that a debt secured by mortgage need not be presented, the mortgage being of record, and therefore

constructive notice to the administrator. In this case it was also said that the statute was to be regarded only as a statute of limitations ; and, as a subsequent promise will take a case out of the statute of limitations, so will a knowledge of the existence of the debt, by an executor or administrator, take it out of this statute without a presentation. In *Ellis* v. *Carlisle*, 8 S. & M. 552, it was again repeated that knowledge or notice of the claim is equivalent to presentation; and that any evidence tending to show such knowledge was admissible, although there was no actual presentation. And this rule is recognized, as the settled doctrine of this court, in *Brown* v. *Hill*, 27 Miss. 44, and in *Branch Bank of Alabama* v. *Rhew*, 37 Miss. 110.

It thus appears that the construction of the acts of 1821 and 1846, so far as they relate to the subject in hand, has been settled by a long train of well-considered decisions, unusual in their number, the variety of their facts, and their consistency with each other. Ascertaining first the object which the legislature had in view, these adjudications give effect to the law, not perhaps according to its literal import, but according to its obvious spirit and intent. They establish rules for the interpretation of similar statutes, which ought to be constantly resorted to whenever the circumstances make them applicable.

The substitute for these provisions, contained in the Revised Code, furnishes a far better mode of attaining the end proposed by the legislature, securing as it does, the record evidence of the presentment of all claims against estates, and thereby obviating all the difficulty and expense involved in establishing the facts by parol evidence, and every consideration of convenience and policy prompts to a strict observance of its conditions. But we do not think the code has made such a change in the law in this respect as would justify us in departing from the settled construction of the former law. The principal alteration consists in the substitution of the registration, with its forms and solemnities, in lieu of the presentation previously required. In other respects the law remains substantially the same. Indeed, the act of 1821 was the stronger and more peremptory of the

two ; for, in addition to the provision that, on a failure to pre-
sent the claim within the prescribed time, it should be forever
barred, and that the act might be given in evidence in bar of
any suit or action, in law or equity, which is in substance the
penalty denounced by the present law for a failure to register,
that act contained the further and emphatic declaration, not to
be found in the new act, that the estate should be thereafter
discharged from the payment of such claim. As the present
enactment is therefore hardly so full and positive as the act of
1821, we feel bound to apply to it the same principles of con-
struction which the court has so often sanctioned, and to hold
that notice, or knowledge of the claim by the administrator, is
equivalent to registration, so far as respects the right of the
creditor to maintain an action upon it.

It follows that the judgment on the demurrer to the plain-
tiff's replication was erroneous, and must be reversed, and
judgment entered here overruling the demurrer, and giving the
defendant leave to rejoin. The cause will be remanded for
further proceedings.