## C. BOYD *v.* W. L. LOWRY, ADMINISTRATOR.

1. ESTATES OF DECEDENTS. *Reference to auditors under Code* 1871, § 1142. *On whose application.*

   A reference to auditors of a claim against the estate of a decedent, under § 1142 Code, if done on application of one of the distributees of the estate, is *coram non judice* and void. The proceeding is statutory and anomalous, and must be strictly conformed to the requirements of the statute.

2. LIMITATION OF ACTIONS. *Action or scire facias against executor or administrator.* *Code* 1871, § 2155.

   The limitation of four years, within which an action or *scire facias* may be brought against an executor or administrator on a judgment or other cause of action against his testator or intestate, provided in § 2155 Code, applies, if four years have elapsed since the original grant of letters upon the estate, without regard to whether the particular administrator or executor who is sued has been in office four years or not.

3. CODE 1871, § 1142.

   *Quære*, Whether an appeal lies from an order allowing or rejecting a claim under § 1142 Code; and as to the effect of such an order on the rights of the parties.

APPEAL from the Chancery Court of Scott County.

Hon. R. B. STONE, Chancellor.

*James A. Glanville*, for the appellant.

The claim was not barred by limitation. *Griffin* v. *Mills*, 40 Miss. 611; Code 1857, p. 399, art. 5, p. 456, art. 126; Code 1871, § 2155; *Woods* v. *Elliott*, 49 Miss. 168; Code 1857, p. 401, art. 18; Code 1871, § 2162; George's Digest, p. 487, § 98, note.

*Potter & Green*, on the same side.

The limitation provided by § 2155 Code is not a limitation on suits against the estate, but a restriction as to the time, after his appointment, in which any administrator may be sued. Hutch. Code, 831; *Brown* v. *Hill*, 27 Miss. 51; *Woods* v. *Elliott*, 49 Miss. 168.

*Frank Johnston*, for the appellee.

The claim is barred by § 2155 Code 1871. *Woods* v. *Elliott*, 49 Miss. 168; *Abbott* v. *McElroy*, 10 S. & M. 100; *Byrd* v. *Byrd*, 28 Miss. 144; Angell on Limitations, 56; *Brown* v. *Hill*, 27 Miss. 45.


CHALMERS, J., delivered the opinion of the court.

This is an appeal from the report of referees appointed by the Chancellor to pass upon a claim probated against the estate of a decedent, or rather from the order of the Chancellor overruling said report and disallowing the claim. The proceedings are under § 1142 of Code, but are not in accordance with its provisions.

The application for a reference was not made by the executor or administrator as is required by the statute, but by one of the distributees of the estate. The proceeding is statutory and anomalous, and must be strictly conformed to the requirements of the statute. There being no authority for any one save the administrator to invoke a reference, the proceedings in this case were *coram non judice* and void. Had they been regular, they would have presented the question as to whether an appeal lies to this court from an order allowing or rejecting a claim against the estate of a decedent under the statute under consideration as well as other questions, not free from difficulty as to the effect of such adjudications upon

the rights of the parties to a further contestation of the claim in the Circuit Court.

The Chancellor rejected the claim in this case, because barred by the statute which provides that " no action or *scire facias* shall be brought against any executor or administrator upon any judgment or other cause of action against his testator or intestate but within four years after the qualification of such executor or administrator."   Code, § 2155.

The Chancellor held that this limitation applied, if four years had elapsed since the original grant of letters upon the estate, without regard to whether the particular administrator or executor who was sued had been in office four years or not. This, we think, was correct.   *Woods* v. *Elliott*, 49 Miss. 168. In the case of *Brown* v. *Hill*, 27 Miss. 44, relied upon by counsel for the appellant, it was held that the ˉstatute did not commence to run until the second appointment of the administrator; but this was upon the ground that the first appointment was void.   The case, therefore, is an authority in support of rather than against the doctrine here announced.

We have thought it necessary to announce this construction because it is decisive of the rights of the parties in this case and will cut off further litigation between them.   For the error of the court below in ordering the reference upon the petition of the distributee, the decree rendered is reversed ; and this court, rendering such decree as the court below should have rendered, dismisses the petition at the cost of the petitioner in both courts.