CALVIN CHEAIRS' EXECUTORS *v.* SAMUEL D. CHEAIRS' ADMINISTRATORS.

1. ESTATES OF DECEDENTS. *Probation, allowance and registration of claims.* Code, 1892, § 1932.

Code, 1892, §1932, regulating the probation, allowance and registration of claims against estates of decedents, is mandatory; the affidavit therein required of the creditors must be made, and any affidavit which is not in effect a compliance with the statute is insufficient to give validity to the probation, allowance and registration of a claim.

2. SAME. *Stopping statute of limitations.* Code, 1892, § 1936.

Under said statute (§ 1932), requiring the clerk, upon the receipt of the prescribed affidavit and the claim, and its approval by him, tô indorse thereon the words, "Probated, allowed for $——, and registered," and to sign his name officially thereto, an indorsement that the claim is "allowed and registered" is of no effect, and does not prevent the running of the general statute of limitations under code, 1892, § 1936, providing that the presentation of a claim and having it "probated and registered as required by law" shall stop the running of such general statute as to such claim.

3. SAME. *Creditors. Petition to sell land.* Code 1892, § 1895.

Code 1892, § 1895, providing that any creditor of a decedent whose claim is registered may file a petition, as the executor or administrator is authorized to do, to sell land or personalty to pay debts, authorizes such a petition by a creditor only when his claim is properly registered, after being probated and allowed.

From the chancery court of, second district, Coahoma county. Hon. A. McC. Kimbrough, Chancellor.

Calvin Cheairs' executors, appellants, were complainants in the court below; the administrators of the estate of Samuel D. Cheairs, deceased, appellees, were defendants there. The facts are sufficiently stated in the opinion of the court.

*Tim E. Cooper* and *St. John Waddell,* for appellants.

The single question presented by this appeal is whether the omission from an affidavit for probate of a claim against an estate of the averment that the debt was not usurious, precludes recovery on the debt, there being no pretense that in fact there was any usury. There was no contest of the justice of the claim made by the representative of the estate, nor by any distributee, heir or creditor, as is provided by the code, § 1934, may be made. The clerk approved, allowed and registered the claim.

The position assumed by the appellee would, it is submitted, never have been taken, but for the rhetorical language of Judge Harris in the case of *McWhorter* v. *Donald,* 39 Miss., 779. In that case a claim was probated on the oath of a husband in favor of his wife, against the estate of her deceased mother for board for the mother and stepfather. The learned judge declared it to be " clear from the proof in this cause that this claim is without shadow of foundation. It neither rests on contract nor finds the least sanction in any code of morals. It is unconscientious, and should not, therefore, be tolerated in a court of justice having power to reject it."

If the claim was, in the opinion of the court, of this character, it was clearly not helped by the probate, nor if it had been a valid claim would it have been invalidated by a defective oath for probate. The probate under the then existing statute, was nothing more than notice to the personal representative of its existence ; it afforded no protection to the personal representative paying it, if in fact it was not a valid demand. This

had been decided long anterior to the decision in *Mc Whorter* v. *Donald*, in the case of *Sumrall* v. *Sumrall*, 24 Miss., 258. It was afterwards decided in *Sims* v. *Sims*, 30 Miss., 333 ; *Gray* v. *Harris*, 43 Miss., 421.

In *Sumrall* v. *Sumrall*, Judge Yerger delivering the opinion of the court, thus explained the purpose and effect of a probate on an *ex parte* affidavit under the statute : " There is a provision in the statute for the allowance by the probate judge of claims against estates. That provision in the statute was only intended to justify a voluntary payment by the executor or administrator. It was not obligatory upon him, he might, after such an allowance, have refused to pay the same and contested its validity. The judgment or order of the court was not conclusive of the justice or legality of the demand. So in the case of an executor or administrator, who is also a creditor of the estate. An order or judgment of the court allowing the same on a mere *ex parte* application and proof, is not, in our opinion, binding and conclusive upon the heirs or distributees. At best the order of allowance so made, can only be treated as *prima facie* evidence that the claim is just and valid, and we have no doubt that when the administration account is presented for final settlement and allowance, it is entirely competent and proper for the parties interested in the estate to except to the item of account so allowed ; and if upon proof on such final settlement, it shall appear to be an unfounded or illegal demand, it then becomes the duty of the probate court to reject and disallow it, although upon the mere *ex parte* application and proof of its validity, it may have been examined and allowed." In *Rawlins* v. *Poindexter*, 27 Miss., 61, it had been distinctly decided that a suit might be brought upon an unprobated claim. In *Sumrall* v. *Sumrall*, that the probate of the claim made a *prima facie* case, that the claim was legal, and entitled the executor to a credit unless the claim was disproved. In the face of these decisions and without referring to them Judge Harris, by the sweep of an unrestrained and

thoughtless pen, overruled them both and held that the personal representative cannot pay a claim unless the probate is perfect and the claim legal, and that a perfect probate does not make a *prima facie* case for the executor or administrator. But the error of this opinion is deeper yet.

The clerk of the court acts judically in allowing claims and admitting them to probate. The oath of the creditor is the evidence on which he acts. In most of the states the presentation and probate of claims against estates is held to be *res adjudicata.*

*Moon* v. *Hildebrant*, 14 Tex., 312, fully reported and annotated in 65 Am. Dec., 119. We do not claim any such conclusive effect is given to the allowance of a claim by the clerk of the court, under our statutes. We concede that the probate allowance and registration do not make a conclusive adjudication; that it is the duty of the executor or administrator, notwithstanding the allowance, to contest the validity of any claim the justice and legality of which is doubtful.

Our contention is only this, that an irregular or defective affidavit for the probate of a claim, does not, after the claim has been allowed and registered by the clerk, avoid the allowance and discharge the estate from its payment.

With the exception of the remarks of Judges Harris in *McWhorter* v. *Donald*, the decisions of this court have been, without discord, that the purpose and effect of the statute is to give notice to the personal representatives, and to heirs, distributees, legatees and creditors, of the condition of the estate; to provide a short statute of limitations barring debts not presented, and to afford *prima facie* evidence of the legality of the claim in favor of a personal representative paying the probated claim. *Miller* v. *Jefferson College*, 5 Smed. & M., 651; *Cohea* v. *Commissioners*, 7 Smed. & M., 437; *Sumrall* v. *Sumrall, supra; Sims* v. *Sims, supra; Haralson* v. *White*, 38 Miss., 178; *Gray* v. *Harris, supra; Rawlings* v. *Poindexter, supra; Bank* v. *Rhew*, 37 Miss., 110.

It is to be observed that the legislature does not use the same words in the several sections of the code noted.   In §§ 1931, 1932 and 1933 the words of the statute are "probated, allowed, and registered."   In §§ 1935 and 1936, the words are "probated and registered."   In § 1895, it is provided that any creditor whose claim has been "registered" (omitting the words probated and allowed), may petition for the sale of the real and personal property for the payment of debts.   We are therefore within the letter of the statute if that is to be controlling, for our claim was unquestionably "registered."   But we are not only within the letter, but also within its purpose and equity.

The whole purpose of the law is to exhibit by the record of the court having administration of the estate, the extent of the liabilities of the decedent, and that this should be speedily done.   An impartial officer is pointed out before whom proof by the creditor is to be made, and there is reserved to the personal representative, and to the heirs, legatees and other creditors the right to object to any claim presented; to have the same referred to auditors; to compel the creditor to establish by proof his claim; to introduce evidence disproving it, and to take the judgment of the court on the report of the auditors.

Whether the allowance of the claim is conclusive against the estate as the judgment of a court would be, and as is very generally held as shown by the authorities heretofore cited, or whether the allowance has a more limited and inconclusive operation, is one question.   But whether the clerk acts ministerially or judicially in making the allowance and admitting the claim to registration, is a totally different inquiry.

The contention of the appellee is that the clerk acts ministerially, and that the making of the precise statutory affidavit by the creditor is a condition precedent to his authority to admit the claim to registration.   Our contention is that the clerk acts judicially, and that the oath of the creditor is but evidence, and a part of the evidence, upon which he acts; that the allowance

and registration of the claim are not avoided by reason of defective evidence.

There are some acts of a clerk which are purely ministerial in their character, and rest for their authority upon a strict conformity to statutory provisions. In such cases if the clerk does an unauthorized act the act itself is void and may be disregarded. (Freeman on Judg., secs. 129, 153). But if the act is erroneous merely it is valid. In such cases the clerk is acting within the authority conferred; within his jurisdiction conferred by law. There is under such circumstances only an error in the exercise of conceded jurisdiction, and the judgment, though erroneous, is not void. To illustrate, suppose a creditor should present a claim for $100, with an oath *inter alia* that on a certain day he had loaned the decedent $100; that no payment had been made and no security received, and there should be charged on the account as interest six per cent. from the date of the claim, would not this be an affidavit "in effect" as prescribed by the statute? May not the clerk look to the claim and to the oath, and on both admit it to probate and registration? But the question would seem to have been settled by the court in the case of *Allen* v. *Hillman*, 69 Miss., 225.

*D. A. Scott* and *J. W. Cutrer*, for appellees.

Code 1892, § 1932, differs from a like statute, § 2027 of the code of 1880, in three essential matters. Both provides that where the evidence of the claim is in writing, the writing shall be presented, and where there is a claim not evidenced in writing, the creditor shall present an account covering the claim.

The code of 1892 provides what the code of 1880 does not. First, that the written evidence of the indebtedness shall be presented and proved by oath, and in the manner provided by the statute, and that "if there be no written evidence thereof (of the claim), an itemized statement, or a statement of the claim in writing, signed by the creditor," shall be presented.

The one first essential difference, then, is that the statement of the claim must be an itemized account thereof, in writing, signed by the creditor.

Then the code of 1892 provides, not as the code of 1880, that an oath or affirmation may be indorsed upon the claim, to be taken by the creditor. "That the account as stated is just and true, and that no part of the money stated to be due, or any security or satisfaction for the same, has been received, except (if any) what is credited." But the provisions of the code of 1892 is that the creditor, who shall first have signed a written statement of his claim, shall make an affidavit to be attached thereto, as follows: "That the claim is just, correct, and owing from the deceased; that it is not usurious, and that neither the affiant nor any other person has received payment in whole or in part thereof, except what is credited thereon, if any, and that security had not been received therefor, except as stated, if any."

The third difference in essentials is that, under the code of 1880, there is no provision in § 2027 providing for the approval of the claim by the clerk before whom the probation is made, and the indorsement thereof upon the claim, in a book, to be kept by him for that purpose. "And such registration shall be a sufficient presentation of the claim to the executor, administrator or collector."

Under the code of 1892 the provisions following are not only additional and other provisions not provided by the code of 1880, but are made amendatory. The section provides, after the affidavit shall have been made, as follows: "Thereupon, if the clerk shall have approved, he shall indorse upon the claim the words following: 'Probated and allowed for $——, and registered this —— day of —— A.D. ——,' and shall sign his name officially thereto. "Probate, registration and allowance shall be sufficient presentation of the claim to the executor or administrator."

Under the provisions of the codes of 1857, 1871 and 1880,

the notice which the executor or administrator was required to give to creditors required of them to exhibit the claims only, and to have them registered by the clerk; while the like notice provided for by the code of 1892 requires of the creditors to have their claims probated and registered, as well as allowed. Code 1857, art. 81, p. 443; Code 1871, § 1135; Code 1880, § 2026; Code 1892, § 1929.

It will be observed, therefore, that, while under the code of 1880, a registration of the claim was sufficient, under the code of 1892 there must be not only a registration, but a.probate of the claim in the manner provided by the statute, and an allowance of the claim, after the probate thereof, in order to effectuate a presentation of the claim to the personal representative of a decedent.

There is a marked difference between the codes of 1880 and 1892, wherefore, since the adoption of the code of 1892, two prerequisites of a legal probate, and allowance of a claim, have been added to the requirements of the code of 1880, under the provisions of which a registration was sufficient to give validity to a claim as against the estate of a decedent, and the difference will be found to extend throughout the body of the present probate law of the state.

The code of 1880, with respect to the requirement of registration only as a proper presentation of a claim to the personal representative of a decedent, is taken, practically, in a body from the code of 1871, which provides only for the registration of a claim as a sufficient presentation of the same to the executor, administrator or collector. See §§ 1137, 1138, 1139, 1140, code of 1871. And, again, the provisions of the code of 1871 are taken, almost word for word, from art. 82, pp. 442 and 444, of the code of 1857, which, in like manner, provides that registration alone shall be sufficient. It must appear, then, that the legislature in the enactment of the code of 1892 intended to make a radical departure from the practice

of the old days in the manner of the administration of the estates of decedents, and to enact new statutes which must be taken to be statutes of limitation, to protect the personal representatives of decedents, and the estates of decedents from liability for the payment of claims which shall not have been dealt with by the holders thereof in strict conformity to the rules and practices laid down in a new code of laws.

It is seen that the claim of the alleged creditor in this case was not probated according to law. The form of the claim, and the manner of the presentation thereof, and the indorsement thereon, fall far short of showing a compliance with the provisions of § 1932 of the code of 1892, with reference to the probation, registration and allowance of the alleged demands of the senior Cheairs. The bill does not allege nor show any compliance with the statutes controlling such matters, nor does it allege that the claim is not usurious.

If the claim is not properly probated it is not presented according to law, regardless of the fact of registration, and cannot be allowed by the clerk of the court and cannot be paid by the administratrix. *Mc Whorter* v. *Donald*, 39 Miss., 779; *Gray* v. *Harris*, 43 Miss., 421; *Allen* v. *Hillman*, 69 Miss., 226. The code of 1892 expressly prohibits the payment of claims not probated as provided by the statute.

The effect of this radical change is that where a claim is not probated as provided by the statutes, and within the time and in the manner provided by the statutes in the code of 1892, the alleged claim cannot be counted as a debt of the estate, and it cannot be made the duty of the administrator to pay the same, nor can any part of the property of a decedent, real or personal, be subjected to the payment of a claim which is cut off by reason of the failure to probate as provided by the statute.

Argued orally by *St. John Waddell* and *Tim E. Cooper*, for appellants, and by *J. W. Cutrer*, for appellees.

CALHOON, J., delivered the opinion of the court.

The appellants filed their bill below for the sale of land to pay a debt they allege was owing from appellees' intestate, E. E. Cheairs, to their testator, Calvin Cheairs. It needs only to be said, in stating the case, that on a demurrer to a cross-bill of appellees, which was overruled, we are called upon to decide on the validity of the probate of the claim, which is as follows:

"Dublin, Miss., Jan. 4th, 1892. $4,750.00. Twelve months after date I promise to pay to the order of Calvin Cheairs, Sr., four thousand seven hundred and fifty dollars, with interest at the rate of 10% per annum from date, for borrowed money.. Value received.. Samuel D. Cheairs. No.——. Due ——."

Sterling, Colo., Mar. 26th, 1892.

S. D. Cheairs, Dr., to Calvin Cheairs.

| | |
|---|---|
| To N. Y. exchange five hundred dol............................. | $500 00 |
| One dollar exchange........................................ | 1 00 |
| | $501 00 |

Sent this day as above.

Dublin, Miss., Jan. 23rd, 1892.

Estate of S. D. Cheairs, to Calvin Cheairs, Sr.

| | |
|---|---|
| One note given Jan. 4th, 1892............................... | $4,750 00 |
| Interest on same to date.................................... | 499 70 |
| Cash Jan. 4th, 1892........................................ | 50 00 |
| Cash Mar. 26th, 1892....................................... | 500 00 |
| N. Y. exchange............................................ | 1 00 |
| Interest on same........................................... | 41 70 |
| | $5,842 40 |
| Cr. by cash paid taxes in Coahoma county.................... | 41 57 |
| | $5,800 83 |
| Probate fee allowed........................................ | 90 |

"State of Mississippi, second judicial district, Coahoma county. Personally appeared before me the undersigned clerk of the chancery court in and for said county, Calvin Cheairs, Sr., who, being first duly sworn, states on oath that the annexed account and note against S. D. Cheairs, deceased, in his lifetime, for the sum of five thousand eight hundred and eighty-

three one-hundreth dollars is just, true, and correct, and that no part of the money stated to be due, nor any security or satisfaction for the same, has been received, except . . ., credited thereon. Sworn to and subscribed before me this 25th day of January, A. D. 1893. Jas. A. Suddoth, Clerk, by L. C. Allen, Jr., D. C."

"The State of Mississippi, Coahoma county. Chancery court. I have this day examined the annexed account and note, total for $5,800.83, and hereby allow the same, with interest from maturity at the rate of six per cent. Given under my hand and seal of said court this 25th day of January, A. D. 1893. Jas. A. Suddoth, Chancery Clerk. L. C. Allen, Jr., D. C. [Seal.]

"Registered the 25th day of January, A. D. 1893, in Register Book of Claims, p. 1. Jas. A. Suddoth, Clerk. L. C. Allen, Jr., D. C."

This probate fails to conform to the requirements of code of 1892, § 1932, in the following particulars: The affidavit does not, after the word "correct," incorporate the words "and owing from the deceased;" nor does it contain the words "that it is not usurious," nor the words "and that neither the affiant nor any other person has received payment." The statute provides that, affidavit made, "thereupon" the clerk shall indorse " Probated, allowed and registered."

Is mere "registration and allowance" by the clerk sufficient presentation to the administrator to stop the running of the one year and the general statute of limitations ? Is § 1932 mandatory ? Is the clerk's action in allowing and registering judicial, and, if so, did the affidavit give him jurisdiction? Under code of 1857, p. 443, art. 82, which is the same with code of 1880, § 2027, our predecessors, in 1861, held, in *Mc Whorter* v. *Donald*, 39 Miss., 779 (80 Am. Dec., 97), that the probate was void, and no voucher to the administrator, where the affidavit, though stating that the claim was "just and true," failed to state that "no part of the money stated to be due, nor any security or

satisfaction for the same, has been received." If this decision be sound, the probate now before us, under the law as it now is, must be the more certainly void. In 1891, in *Allen* v. *Hillman*, 69 Miss., 225 (13 So., 871), in a case where the affidavit was that "the within account is true and correct, and no part has been paid," the court held the registration good to stop the running of the statute of limitations, although code of 1880, § 2027, required the affidavit to state that "the account as stated is just and true, and that no part of the money stated to be due, or any security or satisfaction for the same, has been received." The decisions earlier than that of *McWhorter* v. *Donald*, *supra*, and some since, regard probate as designed only to justify the executor or administrator in paying the claim as thus, *prima facie*, valid, and hold that presentation to him, or his knowledge of it, within the time limited, is enough, without any probate, to save the creditor's right to sue. George's Dig., 297–299; *Perry* v. *West's adm'r*, 40 Miss., 233. It must be noted that in and since the act establishing the "orphans' court" (Laws of 1821, p. 66, sec. 90), in every code up to that of 1892, appear these words: "No executor, administrator, or collector shall discharge any claim against the deceased (otherwise than at his own risk), unless the same be first passed by the . . . court granting the administration, or unless the said claim be proved according to the following rules;" and then follows the probate requirement, affidavit, etc. (Hutch. code, p. 664; code 1857, p. 443; code 1871, § 1137; code 1880, § 2027), except that the codes cited leave out the words "unless the same be passed by the court granting the administration," and say instead, "unless the claim be proved according to the following rules. Code 1892, § 1931, however, in speaking of the payment of debts by the executor or administrator, leaves out the words "otherwise than at his own risk," and provides this, "But he shall not pay any claim against the deceased unless the same shall have been probated, allowed, and registered." So the legislature, which

81 Miss.—43

is presumed to act in the light of all the decisions of the highest court of the state, has substituted for the single word "approved" the words "probated, allowed, and registered." This is, of course, quite significant of itself. But there must be added to this feature of the change divers others. Code of 1880, § 2027, concludes as follows: "And such registration shall be a sufficient presentation of the claim to the executor, administrator, or collector," while code of 1892, § 1932, has this: "Probate, registration, and allowance shall be sufficient presentation of the claim to the executor or administrator." Code of 1880, § 2028, provides that all claims shall be "registered," etc., within one year, etc., "otherwise the same shall be barred;" while code of 1892, § 1932, substitutes for "registered," the words "registered, probated, and allowed." Code of 1880, § 2030, provides that the executor or administrator be not allowed for his own claim against the deceased, "unless the same be registered" as other claims, while code of 1892, § 1935, says "unless the same be probated and registered" as other claims. Code of 1880, § 2062, provides that "the presentation of a claim and having it registered, as required by law, shall stop the running of the general statute of limitations," etc.; while code of 1892, § 1936 substitutes for the word "registered" the words "probated and registered." Up to this point, in view of the previous decisions and previous statutes, it would seem plain that the legislature, in the code of 1892, designed to require, as an indispensable jurisdictional prerequisite to the allowance and registration, the making of the oath of probate in substantial compliance with § 1932 of that code. This leaves appellants in dependence solely on § 1895, corresponding to § 2047, code of 1880, both providing that any creditor whose claim is "registered" may file a petition "as the executor or administrator may" to sell land or personalty to pay debts. The trouble is that the executor or administrator could not file such a petition to pay any debts not "probated, allowed, and registered," because § 1931 abso-

lutely forbids him to pay such, and, besides, in view of all the statutes in *pari materia*, it should mean such debts as are properly registered. Any other view disturbs the harmony of the statutes on the subject as a whole, and makes meaningless some of them. The probate in this case does not substantially conform to the requirements of the statute, and did not invest the clerk with jurisdiction to allow and register it. Its registration was, therefore, not a sufficient presentation to the administrator to stop the running of the statute of limitations. We hold § 1932 to be mandatory, that the affidavit must be "in effect" what it prescribes. Both accounts and written evidences of debt must be accompanied by the substance of the prescribed affidavit. In the case before us the claim may be usurious for aught we know. No one can say from its face that it is not, and the affidavit should show that it is not. We do not now say whether the other omissions mentioned at the outset are fatal or not.

*Affirmed, and remanded, with sixty days to appellants to answer cross-bill.*